IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator,<br><br>    Plaintiff,<br><br>  v.<br><br>BUNTING GRAPHICS, INC. a/k/a BUNTING, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

### **COMPLAINT**

  1.  Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Greater Pennsylvania Regional Council of Carpenters and its affiliated local unions (hereinafter "Carpenters' Union"), an employee organization.

  2.  Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

  3.  Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions.  James R. Klein is the Administrator of such Funds.

  4.  The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant Bunting Graphics, Inc. a/k/a Bunting, Inc. ("Contractor") is engaged in the construction business and maintains its principal place of business at 20 River Road, Verona, Pennsylvania 15147.

6. Defendant Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff for the period of August 2014 and June 2016, which has resulted in an estimated principal deficiency of $5,255.10.  Employer is obligated to submit to the Funds its July 2016 reports with payments by August 30, 2016 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $5,000.00.  In addition, interest through August 23, 2016 is due of $1,522.28 and contractual/liquidated damages are due Plaintiff of $5,622.83, for a total deficiency of $12,400.21.  Interest will continue to accrue after August 23, 2016 at the rate of $2.16 per day.

8. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten (10%) percent times the principal amount owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $2,480.04 through August 23, 2016. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from June 2016 through the present; and

(c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such

Defendant Contractor's covered employees for the last four years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

   (d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $14,880.25, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

   (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

   (f) For such other and further relief as the Court may deem just.

             TUCKER ARENSBERG, P.C.


             *s/ Jeffrey J. Leech*
             Jeffrey J. Leech
             PA I.D. #19814
             Neil J. Gregorio
             PA I.D. #90859

             1500 One PPG Place
             Pittsburgh, PA 15222
             (412) 566-1212

             Attorneys for Plaintiff,
             Carpenters Combined Funds, Inc.

Lit-610436.1:010342-175685